In re   **Diane M. Brzezicki**                                                                   Case No. _____

                                                         Debtor(s)

# Chapter 13 Plan

   In compliance with 11 U.S.C. 1325 (a)(2), the herein Chapter 13 Plan is proposed in good faith and all of petitioner's net disposable income is committed herein, pursuant to 11 U.S.C. 1325 (b)(1).

   All mortgage obligations of debtor will be paid pursuant to the terms of the specific mortgage contract, unless set out otherwise below. All claims entitled to priority, per 11 U.S.C. 507, shall receive full payment, via deferred distribution set out below. Holders of allowed secured non-mortgage claims shall retain the lien securing said claims and shall be paid an amount up to the value of the collateral thereon, unless noted otherwise below.

   Pursuant to 11 U.S.C. 365 (p) (3), all executory contracts and leases held by debtor are assumed unless specifically rejected herein. The following executory contracts/ leases of the petitioner are rejected: **NONE**

**Mortgage arrearage**: Suntrust Mortgage: $6,905.00 @ prevailing interest rate: $8,286.00

   **Adequate Protection Payments**: the Trustee shall make adequate protection payments to the lienholders herein until confirmation or dismissal herein, in the following manner: $140.00 per month

**Secured Debt:** Motor Vehicle: Ford Motor Credit Corp.: $6,574.00 @ prevailing interest rate: $8,080.00

   **Adequate Protection Payments**: the Trustee shall make adequate protection payments to the lienholders herein until confirmation or dismissal herein, in the following manner: $135.00 per month

**Administrative Priority Debt** : pursuant to 11 U.S.C. 507 and 11 U.S.C. 2016(a): the balance of counsel fees for representation in this case re: review of claims filed herein, representation in claim objections thereto, prosecution of lien avoidances and dischargeability actions herein: $1,995.00

**Priority Debt**: none @ prevailing interest rate: $

**Domestic Support Arrears:** (per 11 USC 1322 (b)(10)): none @ prevailing interest rate: $ 0.00

**Judgment Lien/Secured Loans** :(value of non-exempt property): none @ prevailing interest rate: $

**Unsecured balance of secured loans/judgments**: none @   % div.: $ .00

**Unsecured, nonpriority debt**: $14,905.00 @ 5% div.: $745.00

**Trustee Commission**: $1,400.00

                    Total amount of all funds to be paid through Plan: $20,506.00

                    Number of months of duration of herein Plan:            60

                    Petitioner shall pay the above amount to the
                    Chapter 13 Trustee on a monthly basis of:         $    345.00

Creditors who have co-signers, co-makers or guarantors ("Co-obligators") from whom they are enjoined from collection under 11 U.S.C. section 1301 and which are separately classified shall file their claims, including all of the contractual interest which is due or will become due during the consumation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the petitioner and any co-obligator.

If a pre-confirmation secured or priority claim is filed in an amount greater than specified in the plan, petitioner(s) shall have the option of allowing confirmation to proceed by increasing plan payments or duration as needed to provide for full payment of the claim.

Confirmation of the Plan shall not prevent petitioner(s) from filing an objection to any claim subsequent to confirmation of the Plan, for any reason.

The provisions of this plan bind the petitioner(s) and each creditor, whether or not such creditor has objected to, has accepted or has rejected the plan.

The holder of an allowed claim secured by personal property shall be conclusively deemed to be adequately protected throughout the term of the Plan so long as such creditor has received all payments due under terms of the confirmed plan herein.

Title to all the petitioner's property, of whatever nature and kind and wherever located is hereby vested in the petitioner(s) during the pendency of this Chapter 13 proceeding pursuant to the provisions of 11 U.S.C. section 1327.

Any claim timely and properly filed by a creditor arising from rejection of an executory contract shall be allowed as if such claim had arisen before the date of the filing of the petition, subject to the right of the trustee or petitioner to object to the amount of the claim.

The balance of funds not retained for administrative expenses or used for payments of secured or priority claims shall be accumulated and distributed to unsecured creditors.

General unsecured creditors shall be paid a pro rata share of their claims as are finally determined by the court. The plan will not be deemed to be completed until petitioners herein have paid three years of payments unless allowed unsecured claims are paid in full. No claims shall be allowed unless the creditor shall file a timely proof of claim.

date: 01/08/2015                                    Petitioner: /s/ Diane M. Brzezicki

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

      Diane M. Brzezicki                              BK #: 15-
                                                             Chapter 13
                             Debtor
_____

Debtor Statement
and Request for
Pre-Confirmation
Adequate Protection Payments

1. Pursuant to the Standing Order of this Court, dated October 12, 2005, and pursuant to 11 U.S.C. 1325 (a) (5) (B) (iii) (I), the debtor states that a personal financial obligation exists with the herein cited secured creditor(s) and requests that the following adequate protection payments be made by the Chapter 13 Trustee on a monthly basis from Chapter 13 Plan payments received from the debtor until confirmation or dismissal of this case:

| Secured Creditor | Collateral | Amount owed | Adequate Protection Payment |
|---|---|---|---|
| Ford Motor Credit Corp | 2010 Ford Escape | $6,574.00 | $135.00 |
| Suntrust Mortgage: | 27 Sandrock Rd. | $6,905.00 | $140.00 |

2. Unless otherwise specified below, the above payments were calculated as follows:

    *a.* For secured claims not subject to bifurcation under 11 U.S.C. §506, the adequate protection payment is equal to *the greater of:*

        i. The total amount owed to the creditor as of the filing date divided by the length of the plan in months;

        or

        ii. The replacement value of the collateral (as determined under 11 U.S.C. §506(a)(2)) divided by 60.

    b. For secured claims subject to bifurcation under 11 U.S.C. §506, the adequate protection payment is equal to the replacement value of the collateral (as determined under 11 U.S.C. §506(a)(2)) divided by 60.

Dated: 01/08/2015                                  /s/ David F. Butterini, Esq.
                                                                   Attorney for Debtor
                                                                   919 Kenmore Ave.
                                                                   Buffalo, N.Y. 14223
                                                                   tel. no: (716) 877-4490